(No. 33597.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LONNIE WILLIAMS, Plaintiff in Error.

*Opinion filed November 23, 1955*

LONNIE WILLIAMS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

By this writ of error Lonnie Williams seeks to reverse a judgment of the circuit court of Wabash County which convicted him of the murder of Gertrude Newbanks and sentenced him to the penitentiary for a term of 99 years. He appears *pro se* and contends that the indictment was insufficient, that he was induced to withdraw his plea of not guilty and to plead guilty by promises of a light sentence, and that his appointed counsel did not effectively represent him.

The sufficiency of the indictment is attacked because it charged that the defendant "did kill and murder" instead of charging that he "murdered." The argument is that it is possible to kill without committing the crime of murder, because the act might be manslaughter or justifiable homicide. The indictment, however, specifically charges that the defendant "did kill and murder the said Gertrude Newbanks contrary to the form of the Statute in such case made and provided." It was substantially in the language of the statute, it adequately apprised defendant of the offense charged against him, and it was sufficiently clear to enable him to prepare his defense. *People* v. *Hamm,* 415 Ill. 224; *People* v. *Pond,* 390 Ill. 237; *People* v. *Kobylak,* 383 Ill. 432; *People* v. *Shaver,* 367 Ill. 339.

The last two contentions are based upon affidavits executed by the defendant's father and brother, and by a woman who was acquainted with the defendant and other persons connected with the killing. These affidavits were executed in 1947. The only judgment contained in the record is the judgment of conviction which was entered in 1941. The record contains no indication that any application for relief of any kind was ever made to the trial court on the basis of the affidavits. Under these circumstances they cannot afford the basis of an attack upon the judgment in this proceeding.

The judgment is affirmed.

*Judgment affirmed.*