(No. 34574.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VERNON CARRINGTON, Plaintiff in Error.

*Opinion filed May 21, 1958.*

VERNON CARRINGTON, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

After trial without a jury in the criminal court of Cook County, Vernon Carrington, hereinafter called defendant, was convicted of assault with intent to commit murder. He was sentenced to the penitentiary for a term of not less than one nor more than ten years. The conviction occurred in 1953, and a writ of error has been granted, under Rule 65—1 of this court (Ill. Rev. Stat. 1957, chap. 110, par. 101.65—1,) for a review of the record. Defendant appears *pro se.*

The defendant, who was represented by counsel of his own choice, was separately tried on the same day under each of three indictments. The first two charged confidence game offenses; and by the present indictment he was charged with assault with intent to commit murder against the person of one Frank McCahill, a police officer. On the trial it was stipulated that if officer McCahill and a com-

panion officer, Louis N. DeNye, were called, their testimony would be the same as their respective testimony had been in the previous case. Reference to such testimony discloses that on September 29, 1952, officers DeNye and McCahill, together with a third officer, Melvin Smith, had occasion to make an investigation at 834 North Cleveland Avenue in Chicago. DeNye went to the front entrance with Smith, while McCahill went to the rear. A woman answered the door at the front and informed the officers that defendant was there. DeNye then spoke to him and asked him to accompany them to the detective bureau. While defendant went to get his coat, DeNye walked to the rear of the premises to speak to officer McCahill. As DeNye was returning to the front, defendant ran out the back door and around the side of the building. Officer DeNye observed him, ordered him to halt, and fired a shot into the air. He testified that he fired again, and that a shot was then fired at himself.

Officer McCahill testified that when they arrived at the premises he went to the back in anticipation of possible flight by defendant. After he had waited there about five minutes the defendant came running out the door with a woman in front of him. Defendant pushed her to one side and continued running. The officer fired a shot into the air, and defendant then fired at the officer as he ran. McCahill testified that defendant "fired twice at me." The evidence further shows that the event occurred at about 10 o'clock P.M., and that the area was dark. Neither officer saw a gun in defendant's hand, but both saw the flashes as shots were fired.

Defendant was apprehended the following day and was questioned about a gun at the police station. At first he denied having a gun, but after further questioning he said he had given a gun to a friend. The police thereafter found one in defendant's suitcase at the home of his friend. The

weapon thus recovered was introduced into evidence without objection.

Defendant complains that the revolver was improperly admitted in evidence because it was obtained by an unlawful search and seizure at the home of his friend. There is nothing in the record of this case to show the circumstances under which the gun was taken, nor did defendant move to suppress it as evidence. The admission of improper evidence cannot be complained of on review where objection to its introduction was not made at the trial. (*People* v. *Pierce*, 387 Ill. 608.) For the same reason there is likewise no merit in the argument that failure to identify the gun as the weapon which was fired at the officer rendered its admission as an exhibit erroneous. Moreover, in cases such as the present one, it is competent to show that at the time of his arrest the defendant possessed a weapon suitable for the commission of the offense charged, even though no claim is made that he actually used it in committing the particular crime. *People* v. *Gambino*, 12 Ill.2d 29.

It is urged that the evidence is insufficient to support a finding of guilt. The contention is based upon the fact that neither of the two witnesses for the People testified he saw a gun in defendant's hand at the time of the shooting. Defendant suggests that the shots in question might have been fired by one of the other officers. Officer DeNye testified that as he was pursuing the defendant a shot was fired at him which struck the ground between his legs, and that "I saw the fire from the gun at the spot where Vernon Carrington was running, where he was eluding us, and coming from the gun where the bullet landed between my legs." Officer McCahill testified that as defendant ran "he fired at me and I fired back," that when defendant ran out the door the witness saw him at a distance of six feet, and that the defendant was about twenty-five yards away when the shots were fired. No evidence was introduced on behalf

of defendant. Although the witnesses admitted they did not see the gun, they were positive in their identification of defendant and their having seen the flash of the shot at the point where he was running. We think that in the absence of evidence to the contrary the court was justified in concluding that defendant committed the assault as charged.

It is asserted by defendant that his counsel failed to protect his rights. The record shows that he employed his own attorney, and no showing has been made here as to the respects in which the latter was incompetent or remiss. Under such circumstances a contention that defendant was poorly represented cannot be upheld. *People* v. *Pierce,* 387 Ill. 608, 615; *People* v. *Hicks,* 362 Ill. 238.

Defendant has included with the record filed in this court an affidavit of one William L. Perkins, executed in 1956, stating that police officers forced their way into his home and seized a revolver found in a suitcase in his bedroom; that the defendant was not at affiant's home between 6:30 P.M. on the night of the alleged shooting and the time of his arrest; and that through intimidation by police officers and refusal by defense counsel "to place the true facts before the court," affiant was prevented from so testifying at the trial. There is nothing in the record to show that application was made to the trial court for relief on the basis of this affidavit, or that it has ever been presented to that court. It constitutes no part of the record for review, and cannot be considered on this writ of error. *People* v. *Williams,* 7 Ill.2d 271.

The record fails to disclose any error in the trial of this case, and the conviction cannot be disturbed.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*