(No. 35125.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OLIVIA POLK, Plaintiff in Error.

*Opinion filed May 18, 1960.*

JACK W. ROSEN, and MELVIN P. LEWIS, both of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES J. GLASSER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Olivia Polk, prosecutes this writ of error to review a judgment of conviction in the criminal court of Cook County under an indictment charging her with violation of the Uniform Narcotic Drug Act. (Ill. Rev. Stat. 1957, chap. 38, pars. 192.28—1 to 192.28—43.) The indictment, in two counts, charged an unlawful sale, and the unlawful dispensing of heroin. Defendant waived a jury and was tried before the court which sentenced her to the Illinois Reformatory for Women for not less than ten years nor more than ten years and one day.

The trial judge indicated doubt as to whether the act was intended to cover sale or dispensation by an agent. However, counsel for defendant concedes that any doubt in this respect has been resolved by our decision in *People v. Shannon*, 15 Ill.2d 494.

The only issue in this case is whether the evidence established beyond a reasonable doubt that the substance, admittedly delivered by defendant, was, in fact, heroin. Defendant urges that the People failed to prove that the substance analyzed as heroin by the chemist was the same substance actually delivered to the policeman by the accused.

The evidence for the People established that on July 29, 1958, Robert Lopez, a police officer of the city of Chicago attached to the narcotics division, received an anonymous

telephone call after which he drove with a woman informer, known to him only as Frances, to Maxwell and Peoria Streets where he saw her enter a tavern at 848 Maxwell Street. When she returned to his car, she directed him to drive to Peoria Street and Roosevelt Road. They had been parked at that location only a short time when defendant entered their automobile. Frances introduced Lopez to the defendant and Lopez stated that he wanted to buy "an eighth of H." Defendant replied that she could get it for him and that the price would be $28. The officer handed her currency in that amount which had been previously marked and recorded. She then requested him to drive to Madison and Leavitt Streets, where she got out of the car, and asked them to wait for her.

In a short time, defendant returned to the car, handed Lopez a glassine envelope containing white powder, and ran into a nearby tavern. Lopez followed with officer Mc-Dermott, but defendant had gone. The officers then drove to the tavern at 848 Maxwell Street and about an hour later, they saw defendant enter this tavern and arrested her. In her billfold they · found a $1 bill which Lopez identified at the trial as part of the money he had given defendant.

The officers then took her to the narcotics bureau where she produced a $5 bill which was also identified by Lopez as part of the purchase money. There McDermott asked her if she knew she had sold narcotics to a police officer and she replied: "Yes, I did." She also admitted that the currency was part of the money received from Lopez. When questioned further, she refused to reveal the source of her supply.

At the trial, the People introduced certain exhibits to which defendant offered no objection, including the list containing the denominations and serial numbers of the currency in question; the two bills recovered from defendant; and the glassine envelope, identified as People's

exhibit 3. Lopez testified that this envelope was given to him by defendant; that it contained white powder; and that after receiving the envelope from defendant, he initialed it, inventoried it at the detective bureau, and delivered it to the crime laboratory for analysis. He identified the exhibit by his initials.

It was then stipulated by counsel for both defendant and the People that "if Daniel Dragel were called to testify and sworn, he would testify that he is a qualified chemist, a member of the Chicago Police Scientific Crime Detection Laboratory, and he examined the white powder, the substance that was found in the glassine envelope that was referred to here in the testimony as People's exhibit 3 for identification, that he examined it and found a quantity of white powder, 1.53 grams, that it was subjected to various chemical identity tests and the results are as follows: that that exhibit is diacetyl morphine hydro-chloride, commonly referred to as heroin, and that the unconsumed portion of that exhibit is presently here in court."

In testifying in her own behalf, defendant did not deny the sale or delivery of the glassine envelope to Lopez. She testified that she knew Frances by the name of Jean, and that they were both narcotic addicts. She also related that she met Frances and Lopez at Roosevelt Road and Peoria Street; that Lopez gave her certain currency; and that they took her to Madison and Leavitt Streets where she left the car for a short time; that when she returned to the car she "threw the stuff" into it and then went away and "caught a cab;" and that she thought she was procuring the narcotics for Jean.

There is no serious dispute concerning the facts of this case. Defendant argues, however, that without proof of the identity of the person at the laboratory to whom the glassine envelope of white powder was delivered, together with testimony tracing the handling and keeping of the envelope until its production in court, the evidence was in-

sufficient to sustain her conviction and suggests that the envelope was improperly admitted in evidence. However, no objection was made at the trial to the admission of the envelope or to the testimony as to its contents. Consequently, its admission as an exhibit cannot now be questioned. *People* v. *Carrington*, 13 Ill.2d 602, 605; *People* v. *Pierce*, 387 Ill. 608, 614.

Defendant cites *People* v. *Berkman*, 307 Ill. 492, as authority for the rule that physical objects connected with a crime are entitled to consideration as proof of guilt only where an uninterrupted chain of possession is established in the evidence. That case involved the charge of assault with intent to commit murder. Over objection, the court admitted in evidence a bullet allegedly removed from the body of the victim. The physician could not identify the bullet produced in court and and could only state that he had given the bullet which he took from the victim's body to an unidentified nurse. The victim of the assault testified that a nurse, also unidentified, had given the bullet to him. Under these circumstances we held that the trial court erred in admitting the exhibit.

In this case, officer Lopez positively identified the glassine envelope and its contents as the item delivered to him by defendant. He was able to do so from the initials he placed upon the package together with the inventory records to which he referred. His testimony stands uncontradicted. There can be no doubt that the exhibit admitted in evidence was the package actually received by the officer from the defendant.

It was stipulated that the powder in the glassine envelope produced at the trial had been tested by Dragel, a qualified chemist, and that he would testify, if called, that it was heroin. The stipulation specifically referred to the powder contained in the envelope produced and identified in open court. In the light of this positive testimony and the stipulation, any evidence as to what other persons, if

any, handled the exhibit was unnecessary. The testimony of Lopez proved the connection between the exhibit and the defendant. The stipulation established that its content was heroin as charged in the indictment.

While proof of continuity of possession may be necessary under certain circumstances, it has no application here. The stipulation had the effect of eliminating proof which otherwise might have been required. The law is well established that an accused may, by stipulation, waive the necessity of proof of all or part of the case which the People have alleged against him. Having done so, he cannot complain of the evidence which he has stipulated into the record. *People* v. *Pierce,* 387 Ill. 608; *People* v. *Malin,* 372 Ill. 422.

Defendant has called to our attention the case of *People* v. *Judkins,* 10 Ill.2d 445, in which we recognized that the rule requiring proof of continuity of possession was applicable in narcotics cases. However, in that case there was no stipulation which supplied part of the required proof and we definitely stated that the rule did not require positive identification by everyone concerned. Under the facts of *Judkins,* we held that the evidence established sufficient continuity of possession to justify an affirmance of the conviction.

A case more nearly in point is *People* v. *Jones,* 16 Ill.2d 569, which involved the charge of unlawful possession of heroin. There the officer testified that he field tested the substance taken from the person of the defendant, found it to be a derivative of opium, inventoried it, delivered it to the crime laboratory for analysis, and took receipt for it; and that he received a report from a certain chemist connected with the laboratory. Both the report and receipt were introduced in evidence. Counsel thereupon stipulated that the report was an analysis of whatever the officer turned over to the crime laboratory and that the powder was heroin but he refused to stipulate that the package was taken from the person of the defendant. We held that

the evidence, together with the stipulation, was sufficient to establish the *corpus delicti* of the crime.

Likewise, in the case at bar, the evidence introduced at the trial, together with the stipulation in the record, sufficiently established the *corpus delicti* of the crime·charged and proved the defendant's guilt beyond a reasonable doubt.

The judgment of the criminal court of Cook County must be affirmed.

*Judgment affirmed.*