(Nos. 36237 and 36890.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TEHREL C. BARNES *et al.*, Plaintiffs in Error.

*Opinion filed February 1, 1963.*

HAROLD D. MARTIN and DONALD E. LINDROTH, of Rockford, appointed by the court, for plaintiffs in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and WILLIAM H. SNIVELY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendants, Gregory T. Calvin and Tehrel C. Barnes, were indicted for burglary. They were found guilty by a jury in the circuit court of Winnebago County and were sentenced to the penitentiary for terms of not less than three nor more than ten years. On their writs of error, which were consolidated, their principal contentions are that the court erred in denying their motion for a continuance, that they were prejudiced by improper cross-examination of a defense witness, and that they were not proved guilty beyond a reasonable doubt.

Defendants moved for a continuance on July 25, the day of the trial, on the ground that their counsel had not had an opportunity to contact all the witnesses for the State. The motion was denied. Lists of witnesses had been filed on July 6, 14 and 22. Counsel stated that he had not interviewed the five witnesses named in the third list. The granting of a continuance to permit additional preparation for trial depends on the circumstances of each case and rests within the sound discretion of the court. (*People* v. *Sur-*

*geon,* 15 Ill.2d 236; *People* v. *Ritcheson,* 396 Ill. 146.)
Only three of the five witnesses testified and their testimony
was merely cumulative. There being no showing that the
defendants were prejudiced by the failure of the court to
grant a continuance, we cannot say that the trial judge
abused his discretion.

Defendants' primary contention is that they were not
proved guilty beyond a reasonable doubt. The evidence for
the State showed that between 9:00 P.M. on June 16, 1960,
and 1:45 the following morning the K & M Texaco Station
in Rockford was burglarized. Entrance was gained to the
building by knocking out a panel in a rear door. The in-
terior of the station was ransacked, and a gun, ratchet
wrench, and coin tray from a vending machine were missing.
The stolen property was found in the Oldsmobile automo-
bile of one of the defendants within four hours of the time
that the property had been taken from the service station.
At 11:00 P.M. defendants were seen in the Oldsmobile in a
parking lot behind a liquor store which was less than a
block from the station. The owner of the store was sus-
picious and phoned the car's license number to the police.
He identified the occupants of the car as the defendants at
a police lineup the following evening and at the trial.

At 11:30 P.M. the defendants were walking in another
part of the city and were stopped by a police officer for
questioning. They said they were looking for a party and
that they had arrived in the area by bus. They were taken
to police headquarters for further questioning and were re-
leased about 1:00 A.M. During this interval, the patrolman
who originally stopped the defendants found an Oldsmobile
near the spot where he had stopped them and observed
various items in it. Its license number matched that given
the police by the owner of the liquor store. The car was
staked out and shortly thereafter the defendants drove by
in a 1956 Ford. They were again stopped for questioning.
They gave the police officers their keys and both cars were

brought in. The gun, ratchet wrench, and coin tray were in the Oldsmobile.

Defendants testified in their own behalf and denied the burglary. They explained that they left a tavern in which they had been drinking at 10:30 P.M. and discovered that the Oldsmobile was missing. Although they attempted to explain the presence of the stolen property by testifying that the car itself had been stolen earlier in the evening, they were contradicted by two witnesses who saw them in the car a half hour after it was supposedly missing. They also testified that they called several relatives concerning the whereabouts of the car which was confirmed by the relatives' testimony. They further testified that they were in the area where the Oldsmobile was parked because a friend had told them he had seen the car near there and they said they had driven there in Barnes's Ford. This testimony differed from the explanation which they had given to the police. When questioned they had said that they had arrived in the area by bus and on the following day they told conflicting stores as to how they reached the bus.

It is well settled that the recent, exclusive and unexplained possession of stolen property by an accused gives rise to an inference of guilt, absent other facts and circumstances which leave in the mind of the jury a reasonable doubt as to guilt. (*People* v. *Pride,* 16 Ill.2d 82.) The jury did not believe defendants' explanation of how the stolen property got into the car. We cannot say that the jury was not justified in finding them guilty of burglary.

Defendants also contend that a defense witness was improperly impeached by showing a conviction of a felony when he was a juvenile. When asked if he had ever been convicted of a felony, the witness responded that as a juvenile of 15 he was convicted of burglary. Conviction of crimes can, of course, be shown for the purpose of affecting the credibility of a witness, (Ill. Rev. Stat. 1959, chap. 38, par. 734,) and the prior conviction of a witness other

than a defendant may be shown on cross-examination. (*People* v. *Moses,* 11 Ill.2d 84.) The question asked by the prosecution was proper. The answer of the witness was not responsive and he volunteered the matter now complained of. The cross-examination of this witness by the prosecution was proper.

Other errors are asserted by defendants but they are not argued in the brief. Although a point made but not argued may be considered waived (Supreme Court Rule 39), we have nevertheless considered these alleged errors and find them without merit. Defendants also argue that the court erred in unduly limiting the cross-examination of the police officers who testified. However, there is no showing as to how it was limited or of the supposed effect of such limitation. Where counsel does not point out or specifically argue the trial error, the court has no duty to enter upon an independent investigation in order to determine its nature. *People* v. *Smith,* 404 Ill. 125.

Since the defendants' guilt has been established beyond a reasonable doubt and the record is free from error, the judgments of the circuit court of Winnebago County are affirmed.

*Judgments affirmed.*