**People of the State of Illinois, Plaintiff-Appellee, v. Wilbert Garrett, Defendant-Appellant.**

**Gen. No. 49,478.**

First District, Second Division.

April 21, 1964.

Rosin, Finkel & Siegel, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and William J. Martin, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Wilbert Garrett was tried for the burglary and larceny of the office of Dr. Walter L. Johnson. He was found guilty on both counts and, together with Clarence Ganaway, was sentenced to a minimum of two and a maximum of six years in the Penitentiary. This appeal is prosecuted to review the judgment of conviction against Garrett.

Police Officer Charles Howell testified that at 8:30 p. m. on December 14, 1961, he and his partner were parked in an automobile in front of 820 East 63rd Street, Chicago. He observed two men emerging from the Maryland Building, 841 E. 63rd Street. This was a professional building, occupied mainly by the offices of doctors and lawyers. The policemen had been instructed to pay particular attention to this building since a number of burglaries had recently occurred there.

The men seen leaving the building were of unkempt appearance. They were carrying large objects which were later found to be an adding machine and a radio. This together with the fact that at an unseasonable hour the men were seen leaving a building which had been the scene of recent burglaries three and one-half hours after the building had closed, prompted Officer Howell to place them under arrest.

On the way to the station the officers observed defendant fumbling with the back seat of the squad car and found that he had placed there a tire iron and a narcotics prescription book belonging to Dr. Walter L. Johnson, whose office was in the profes-

sional building. Defendant also attempted to tear up a sheet of paper while at the police station. The scraps of paper when pieced together disclosed a receipt bearing the name and address of Dr. Walter L. Johnson. Doctor Johnson testified that he occupied a second floor office in the building, that on the night in question he had left his office at 8:00 p.m. (December 14), and had locked the doors and windows. When he was summoned to his office at 2:30 a.m. on December 15, he found the doors open and papers strewn about. Among the items missing were an adding machine, a radio and a narcotics prescription book.

The defendant contends that the judgment must be reversed because the arrest was made without a warrant and without reasonable grounds for belief that the defendant had committed a crime, that evidence obtained in the subsequent illegal search should have been suppressed and that his guilt was not proved beyond a reasonable doubt. Under the Criminal Code, chap 38, par 657, Ill Rev Stats 1961, "An arrest may be made by an officer or by a private person without warrant [1] for a criminal offense committed or attempted in his presence, and [2] by an officer, when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." The question to be answered in cases where an arrest is made without a warrant is whether or not the officer had reasonable grounds to believe that the person arrested had committed a criminal offense. Reasonable cause for an arrest does not require the same quantum of evidence necessary to support a conviction. This principle was first stated by Chief Justice John Marshall in Locke v. United States, 7 Cranch 339, 3 L Ed 364 and reaffirmed in Brinegar v. United States, 338 US 160, 175. Reasonable cause may also be founded upon evidence that would not be admissible at the trial. Brinegar v. United States, 338 US 160; United States

v. Heitner, 149 F2d 105, 106. The test is whether a reasonable and prudent man in the possession of the knowledge which has come to the arresting officer would believe the person arrested is guilty of a criminal offense. Husty v. United States, 282 US 694; People v. La Bostrie, 14 Ill2d 617, 622, 153 NE2d 570; People v. Jones, 16 Ill2d 569, 574, 158 NE2d 773; People v. Fiorito, 19 Ill2d 246, 166 NE2d 606.

We believe that the circumstances of this case presented the officers with reasonable grounds to believe that an offense had been committed, and that defendant Garrett and his companion had committed the offense.

■ The constitutional guarantees against search and seizure do not prohibit all searches and seizures but only those which are unreasonable, and these immunities do not extend to searches upon lawful arrest, for an officer has a right to search the person of one arrested as an incident to a valid arrest. People v. Zeravich, 30 Ill2d 275, 195 NE2d 612; People v. Jones, 16 Ill2d 569, 158 NE2d 773; People v. Faginkrantz, 21 Ill2d 75, 171 NE2d 5. Under the circumstances of this case we think the trial judge properly denied defendant's motion to suppress.

■ In support of his contention that he was not found guilty of burglary and larceny beyond a reasonable doubt defendant cites People v. Dougard, 16 Ill2d 603, 158 NE2d 596. In Dougard the defendant whose conviction was reversed did not physically enter the building that was robbed but was found in the alley outside. In the case at bar defendant was seen leaving the building and had in his possession those goods which were later identified as the subject matter of the burglary and larceny.

For a conclusion based upon circumstantial evidence to be upheld the evidence must be such as to produce a reasonable and moral certainty that the accused committed the crime.

300

Such recent, exclusive and unexplained possession of stolen property may in and of itself prove guilt beyond a reasonable doubt and it is within the province of the trier of fact to disbelieve the defendant's explanation of his possession. People v. Woods, 26 Ill2d 557, 188 NE2d 1; People v. Barnes, 26 Ill2d 563, 188 NE2d 7; People v. Hawkins, 27 Ill2d 339, 189 NE2d 252. The judgment of the Criminal Court of Cook County is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.