an identical punishment. There may be a proper variation in sentences as between different offenders, depending upon the circumstances of the individual case. As a general rule, where the punishment for the offense is fixed by statute, that imposed in the sentence must conform thereto, and a sentence which conforms to statutory regulations is proper. Before an Appellate Court will interfere, it must be manifest from the record that the sentence is excessive and not justified by any reasonable view which might be taken of the record."

▪▪ In the case here before us we find no factual basis for disturbing the sentence imposed upon this defendant. We further find that this defendant's constitutional rights to due process and equal protection have not been violated as the sentence imposed upon him is well within the statutory limits, and there is no indication that the trial court abused its discretion in imposing a greater sentence upon this defendant. Accordingly, we will not exercise our statutory power to reduce the sentence imposed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS R. HEINZ, Defendant-Appellant.

(No. 72-44; ▇▇▇▇▇▇▇▇▇▇

Second District—September 29, 1972.

Opinion by Mr. JUSTICE GUILD.

Frank Wesolowski, Jr., Public Defender, of Wheaton, (Robert H. Heise, Deputy Public Defender, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, for the People.