THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS ROBERT HEINZ, Defendant-Appellant.

(No. 73-107; )

Second District—November 20, 1973.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This case was originally before this court on a direct appeal. (*People v. Heinz* (1972), 7 Ill.App.3d 519, 288 N.E.2d 18.) Defendant's post-conviction petition was denied in the trial court and the matter is now before this court for review of the denial of the post-conviction petition.

The issues before this court at this time are whether or not the defendant made a plea of nolo contendere to the indictment; whether or not his stipulation to the elements of the offense charged was equivalent to a guilty plea; and whether the trial court should have admonished him

of his rights pursuant to the provisions of Ill. Rev. Stat. 1969, ch. 38, sec. 113—4(c).

A brief resume of the factual situation is necessary for discussion of the issues presented.

The defendant was indicted with one James R. Schwerdtfeger on a charge of burglary and theft committed by them in the residence of a Catholic priest. The defendant was arraigned on May 18th, 1970 and entered a plea of not guilty. At no time during the proceedings discussed herein was that plea of not guilty withdrawn. Defendant was represented by privately retained counsel from the time of his arraignment through and including the revocation of his probation and sentence. The defendant waived his right to a jury and the case was set as a bench trial for hearing on January 28, 1970. At that time counsel for the defendant replied that he was ready for trial.

Prior to the first witness being sworn, defense counsel and the State's Attorney entered into a stipulation whereby the transcript of the Schwerdtfeger trial, in which the codefendant Schwerdtfeger was found guilty, would be introduced into evidence. After some discussion, this was agreed upon before the court. At that time the court inquired of the defendant if he and his father had read the transcript of the Schwerdtfeger trial, and if they had discussed it with the defendant's attorney. The court further inquired if the defendant and his father were in accord on the stipulation. Defendant said that everything in the stipulation was correct and said it might be stipulated to in his trial. Included in this stipulation was the confession of the defendant that he committed the offense in question.

During the colloquy pertaining to the stipulation, defense counsel stated that he was raising the issue of the requisite intent, based on the indictment containing the word "knowingly" pertaining to the word burglary. During this discussion the court made the statement as follows: "Well, I don't understand what you are * * * you haven't entered a plea to the indictment." At this point defense counsel stated that the "plea is nolo contendere. He (the defendant) does not wish to contest the facts of the testimony." In this court's opinion it is obvious at this stage of the proceedings the trial court, in substance, was stating that the defendant had not entered a plea of guilty to the indictment.

■■ It is, of course, true that a plea of nolo contendere to an indictment is not an acceptable plea in the State of Illinois. However, we do not construe defendant's statements set forth above as a withdrawal of the plea of not guilty, and the entry of a plea of nolo contendere to the charges contained in the indictment. In substance what the defense coun-

sel was saying is that the defendant did not contest the facts in this case and so stipulated. This is further substantiated by the statement of the trial court that "* * * *based on the stipulation,* I am going to find the defendant guilty as charged in the indictment."

It is well established in Illinois that upon a plea of not guilty the defendant may nonetheless stipulate to the facts alleged against him. As the court stated in *People v. Polk* (1960), 19 Ill.2d 310 at 315, 167 N.E.2d 185, 188,

> "* * * The law is well established that an accused may, by stipulation, waive the necessity of proof of all or part of the case which the People have alleged against him. Having done so, he cannot complain of the evidence which he has stipulated into the record. [Citations.]"

This holding was approved, once again, in *People v. Hare* (1962), 25 Ill.2d 321, 185 N.E.2d 178.

■■ Thus, as previously stated, the defendant entered a plea of not guilty and this plea was not withdrawn nor was a formal guilty plea entered. Therefore, we do not agree with the contention of the defendant that by stipulating to the facts in the case and referring to this as a plea of nolo contendere in substance amounted to a withdrawal of the not guilty plea and was equivalent to a guilty plea. It therefore follows that the trial court was not required to admonish the defendant of his rights requisite upon the entry of a guilty plea either under Section 113—4(c) of the Criminal Code, *supra*, or under Supreme Court Rule 402. The court tried and considered the case on the basis of a not guilty plea. The authorities cited by defense counsel are inapplicable since the record discloses the entry of the not guilty plea, no withdrawal thereof and a hearing upon that basis.

The defendant has failed to sustain the burden of proof required under the Illinois Post Conviction Hearing Act. Judgment of the trial court is therefore affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.