THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY TERRILE, Defendant-Appellant.

First District (1st Division)   No. 79-556

Opinion filed July 7, 1980.

James J. Doherty, Public Defender, of Chicago (Mary T. Woodward and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Anthony Terrile was convicted of unlawful possession of a controlled substance and sentenced to 4 years in the Illinois Department of Corrections. On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt.

We affirm.

On April 6, 1978, Chicago police officers Paul Sarpalius and Ralph Wiskur arrested defendant Anthony Terrile. Sarpalius testified that he observed Wiskur remove a tin foil packet from defendant's coat pocket during a search of Terrile's clothing at the police station. Sarpalius performed the Marquis test on the substance contained in the packet and the reagent used in the test reacted positively for heroin.

Sarpalius inventoried the foil packet and the remainder of its contents after he tested the substance. He placed the packet in a manila envelope which he sealed and initialled with his partner's and his initials. Cellophane tape was placed across the flap and over the initials and the envelope was placed in the police narcotics safe. Sarpalius did not testify to the inventory number assigned to the packet.

Officer Sarpalius was the only witness called to testify on behalf of the State. However, the parties stipulated that if Christine Provost, a qualified chemist in the police department laboratory, were called as a witness by the State, she would testify that she received a tin foil packet registered under inventory number 543947 from the ninth police district. The envelope was delivered by police courier, was sealed, and had not been opened until she received it at the crime lab. After conducting several tests, she concluded that the foil packet contained .18 grams of heroin. She then placed the foil and its contents in a cellophane sealed envelope, and put them back into the manila envelope she received from the ninth police district. She sealed and initialled the manila envelope and

placed it in a glassine envelope, which she sealed and initialled. It was further stipulated that she would present the packet in court in the condition it was when she last saw it. A copy of Provost's lab report was admitted into evidence.

Defendant testified that he was searched at the police station by Officer Sarpalius, but no narcotics were found. He also denied that he possessed heroin at the time of his arrest and that he was not aware that he was being charged with possession until after the police had written their report.

On appeal, defendant challenges the sufficiency of the evidence introduced by the State to establish the chain of possession of the substance seized from him. He argues that the State failed to prove beyond a reasonable doubt that the substance removed from his pocket was the same substance tested by the police department and found to be heroin. Specifically, he cites Sarpalius' failure to testify to the inventory number assigned to the packet, the State's failure to introduce the packet for identification by Sarpalius, and the lack of details regarding its handling and safekeeping.

■■ ■ Chain of possession is sufficiently established if the evidence offered to prove it negates the possibility of tampering, alteration, or substitution. (*People v. Anthony* (1963), 28 Ill. 2d 65, 190 N.E.2d 837.) We find that the State produced sufficient evidence of the chain of custody. Officer Sarpalius testified that he placed the packet which he found on defendant in a manila envelope. The envelope was sealed, initialled, taped, and inventoried in the ninth police district station and then placed in the safe. The laboratory report indicates that the substance was submitted to the lab for examination on the following day, April 7, 1978. It was stipulated that the envelope containing the foil packet was received by courier from the ninth police district, that the envelope had not been opened, and that the substance contained in the packet was heroin.

Although Sarpalius did not testify to the inventory number assigned to the packet, the laboratory report admitted into evidence indicated that the heroin was submitted in the case of Anthony Terrile. This evidence sufficiently dispels the possibility that the heroin was the product of a prior arrest by Sarpalius and Wiskur. Furthermore, the stipulation between the parties rendered the introduction of evidence regarding the handling of the packet and the introduction of the packet itself unnecessary. *People v. Polk* (1960), 19 Ill. 2d 310, 167 N.E.2d 185.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.