(No. 15236.—Reversed and remanded.)
C. JOHN BOTTOM, Appellee, *vs.* THE CITY OF EDWARDS-
VILLE *et al.*—(T. P. REILLY, Appellant.)

*Opinion filed April 18, 1923.*

1. CONTEMPT—*an injunction void for want of jurisdiction may
be disregarded.* An injunction that is void because of a want of
jurisdiction may be disregarded, and a party cannot be found guilty
of contempt for refusing to obey such an injunction.

2. MASTERS IN CHANCERY—*statute cannot confer judicial power
on the master in chancery—injunction.* The master in chancery is
a ministerial officer and judicial power cannot be conferred upon
him, and section 2 of the Injunctions act, in so far as it purports
to authorize the master to issue a writ of injunction as a judicial
act, is invalid.

3. INJUNCTION—*when injunction is void.* An injunction issued
by a master in chancery under section 2 of the Injunctions act is
void, regardless of the question of the validity of the statute, where
the record fails to show that no judge authorized to grant the writ
was present in the county, or, if present, was unable to act.

APPEAL from the Circuit Court of Madison county; the
Hon. J. F. GILLHAM, Judge, presiding.

J. F. EECK, and GEORGE A. LYTLE, for appellant.

HILES, NEWELL & BROWN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

An appeal was taken directly to this court from an or-
der of the circuit court of Madison county adjudging T. P.
Reilly, the appellant, guilty of contempt of court for vio-
lating a temporary injunction and ordering him to pay a
fine of $20 and the costs and to stand committed until the
fine and costs were paid. The injunction was granted by a
master in chancery, and the question which gives this court
jurisdiction of the appeal is in regard to the constitutional
power of the master in chancery to grant an injunction.

The injunction was granted upon a bill filed by C. John Bottom against the city of Edwardsville and others, and commanded the defendants and their agents, employees and officers to desist and refrain from interfering with the owners and lessees of a certain building in the peaceable possession and lawful use of it. The appellant claims the injunction was void because the master in chancery had no lawful authority to order its issue. If this claim is sustained the appellant was not guilty of contempt, for an injunction that is void because of a want of jurisdiction may be disregarded. *People* v. *Clark,* 268 Ill. 156; *People* v. *McWeeney,* 259 id. 161.

Section 2 of chapter 69 of Hurd's Statutes of 1921 provides that "when no judge authorized to grant writs of injunction is present in the county, or being present is unable or incapacitated to act, a master in chancery in such county may order the issuing of such writ." Section 6 of chapter 90 provides: "Masters in chancery in their respective counties shall have authority * * * in the absence from the county of the judge, to order the issuing of the writs of *habeas corpus, ne exeat* and injunction, and perform all other duties which, according to the laws of this State and the practice of the courts of chancery, appertain to the office." These sections have been a part of the statutes of the State since 1845, and their constitutionality, so far as they purport to confer upon the master in chancery the right to issue writs of injunction, seems never to have been raised though the exercise of the right has been a common practice. In *Bassett* v. *Bratton,* 86 Ill. 152, the action was for a malicious prosecution and false imprisonment by virtue of a writ of *ne exeat* ordered to be issued by a master in chancery under the authority of section 6, which purports to confer that authority with reference to writs of *ne exeat* as well as injunction. The court, without discussion of the question of the power of the master to issue the writ, assumed that the master in chancery had general jurisdic-

tion over the subject matter to order the issuing of the writ upon presentation of the petition and affidavit if in his judgment a proper case was presented, and that the ordering of the writ was in the exercise of jurisdiction which he possessed, and held that the petition for the writ being amendable was not void and would be sufficient to protect those acting under it. The question of the power of the legislature to confer this authority on the master in chancery was not considered.

Article 3 of the constitution refers to the distribution of the powers of government and provides that these are divided into three distinct departments,—the legislative, executive and judicial,—"and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

In *Boston* v. *Nichols*, 47 Ill. 353, a decree for specific performance required the defendant, among other things, to execute a mortgage to secure the payment of a note and that he pay it within ninety days after its maturity, and on failing to do so that the master sell the premises. It was held that the decree was erroneous because it did not find the amount due on the note or the amount which should be paid ninety days after its maturity but left the master to adjudge and determine that question. The court said: "It is not the province of the master to adjudge and finally determine upon the rights of the parties. That belongs to the chancellor, and he cannot delegate it to another. The master is a ministerial and not a judicial officer. The court may, by special reference, require him to hear evidence and find and report facts to the chancellor, but before such finding can become binding it must be approved by the court. It thereby becomes the act of the court and not the act of the master. But this decree requires the master to act judicially in determining what shall then be due and to proceed to execute his own decree."

In *DeLeuw* v. *Neely*, 71 Ill. 473, a decree of foreclosure directed the application of the proceeds of the sale, first, to the payment of the costs of suit and the balance of any unpaid taxes which were a lien on the premises, and second, to the payment of the amount found due the complainant, with interest. In reversing this decree the court said: "It will not do to say the special master could by the examination of witnesses, or otherwise, ascertain whether there were 'unpaid taxes' and whether the same would constitute a valid lien on the premises. His duties are strictly of a ministerial character. The court has no authority to invest him with power, in the nature of judicial duties, to adjudicate upon the amount or legality of such taxes as he may discover on the collector's books. These are strictly judicial questions and can only be settled by the court."

In *Hards* v. *Burton*, 79 Ill. 504, it was held to be manifest error in a decree of foreclosure to order that if default should be made in the payment of notes still to fall due, upon the holder thereof filing an affidavit of that fact the master should proceed to sell property for their satisfaction. The court said (p. 509): "It was, in effect, allowing the master in chancery to find the amount due, and to, in effect, decree its sale and then proceed to execute his decree. The master has no such power. He is but the ministerial officer of the court, to perform such duties as may be required of him by the chancellor in the performance of his judicial functions. His powers are delegated to him by the court, and the court can confer on him no judicial powers. Those powers are vested in the judiciary and cannot be delegated to any but persons belonging to that department of government. All the acts of the master become binding only by being approved and adopted by the court. Hence the court, alone, can find, adjudge and decree so as to bind the parties and the subject matter."

In *Ennesser* v. *Hudek*, 169 Ill. 494, a contention was made that the findings of a master in chancery on questions

of fact are conclusive upon the chancellor and courts of review and cannot be disturbed by either except in case of clear mistake or fraud. The opinion in that case contains a statement of the origin and duties of the office of master in chancery, together with the citation of a number of cases in support of the proposition that the master's conclusions of fact are only advisory and become binding only by the approval and adoption of the court, which alone can adjudge and decree. It is said (p. 498) : "The judicial power of the State is vested in the courts named in the constitution and those created under its provisions. Masters in chancery are not included, and although in England the masters in chancery were learned and commonly doctors of the civil law, in this State, under the decision in *Schuchardt* v. *People,* 99 Ill. 501, a master need not be learned in law or a lawyer. He is a mere assistant of the chancellor, whose duties and powers are, we think, made sufficiently clear by the foregoing authorities."

A local practice act provided that in suits brought on a written instrument for the payment of money, only, a defendant might be required to appear and plead within twenty days, and if he failed to do so, judgment might be rendered against him in vacation. In *Hall* v. *Marks,* 34 Ill. 358, a judgment by default entered by the clerk under this statute was reversed and the law was held unconstitutional as violating section 2 of article 2 of the constitution of 1848, which prohibited the exercise of any power belonging to one of the three departments of government by either of the other two. It was said that the power to adjudge, determine and render judgment is beyond all question a judicial act and under this provision could only be done by judicial authority; and in relation to the clerk it was said that "it would be a perversion of language to call a clerk of a court a judicial officer. He is attached to the judicial department but is only a ministerial officer of a court. He

is only the instrument the law has designated, for convenience and the dispatch of business, to record the determination and sentence of the court." The same may be said of the office of master in chancery. He is simply a ministerial officer and judicial power cannot be conferred upon him.

The injunction was, moreover, void because it failed to show the existence of the statutory condition to the right of the master in chancery to act: that no judge authorized to grant the writ of injunction who was able to act was present in the county. The statute which was involved in the case of *Shute* v. *Chicago and Milwaukee Railroad Co.* 26 Ill. 436, authorized the appointment of commissioners to assess damages in condemning land for a railroad upon application to the judge of the circuit court, or, in the absence of such judge from the county, to the senior county commissioner or the county judge. An application was made to the county judge of Lake county for the appointment of commissioners. The commissioners were appointed, and objection was made that the county judge had no authority to act because it did not appear from the record that the circuit judge was absent from the county. It was held that the absence of the circuit judge was a jurisdictional fact, and if the record did not show it, the jurisdiction of the county judge did not exist.

The writ of injunction issued by the clerk of the circuit court of Madison county was void and the appellant was not guilty of contempt of court in refusing to obey it.

The judgment will be reversed and the cause remanded, with directions to dismiss the attachment.

*Reversed and remanded, with directions.*