Cova Robbins, Plaintiff-Appellant, v. Howard Campbell, Jr., Defendant-Appellee, and Edgar Robbins, Defendant.

### Gen. No. 65–19.

Fifth District.

December 24, 1965.

Richard A. Cagle, of Alton, for appellant.

Reed, Armstrong and Gorman, of Edwardsville, for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the order of the Circuit Court of Madison County dismissing her appeal as to the defendant, Howard Campbell, Jr. A proper presentation of the issues requires a review of the prior proceedings in this case.

Plaintiff, Cova Robbins, filed suit in the Circuit Court of Madison County seeking to recover damages for injuries suffered while riding in an automobile driven by defendant, Edgar Robbins, which automobile collided with

an automobile driven by defendant, Howard Campbell, Jr. The case was tried to a jury and resulted in a verdict in favor of the plaintiff and against defendant, Edgar Robbins, and a verdict in favor of the defendant, Howard Campbell, Jr. and against plaintiff. Both plaintiff and defendant, Edgar Robbins, filed post-trial motions, the motions were denied, and final judgments were entered on the verdicts.

Fifty-five days after the date on which the judgments became final, defendant, Edgar Robbins, filed a notice of appeal. The proof of service filed by this defendant shows service of a copy of the notice of appeal on plaintiff's counsel, but shows no service on counsel for defendant, Howard Campbell, Jr. Within nine days of the date of service of defendant, Edgar Robbins' notice of appeal, plaintiff filed a notice of cross appeal, and served copies thereof on counsel for both defendants. In the notice of cross appeal, she states that she appeals from the judgment entered in favor of defendant, Howard Campbell, Jr., and from the judgment entered in her favor against defendant, Edgar Robbins, because of its inadequacy, and prays that the judgments be reversed and the cause remanded for a new trial on the issue of damages only.

Defendant, Howard Campbell, Jr. filed a motion to dismiss that portion of the notice of cross appeal which is applicable to him because of plaintiff's failure to file her notice of appeal within 60 days of the date on which the judgment became final. The Circuit Court heard argument on the motion and ordered that portion of the notice of cross appeal which was applicable to defendant, Howard Campbell, Jr. stricken, and the appeal as to that defendant dismissed. Plaintiff prosecutes this appeal.

Plaintiff contends that the cross appeal was timely filed, that the procedure followed is the proper manner of perfecting an appeal as to the defendant, Howard

Campbell, Jr., and the Circuit Court exceeded its jurisdiction in dismissing her appeal as to this defendant. It is defendant, Howard Campbell, Jr.'s contention that plaintiff was required to perfect her appeal as to him by filing a notice of appeal within 60 days of the date on which the judgment became final, and she cannot evade this provision of the statute by attempting to perfect a cross appeal under the provisions of Supreme Court Rule 35.

Section 76 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 76) provides that no appeal may be taken from a trial court to the Supreme or Appellate Court after the expiration of 60 days from the entry of the order, decree, judgment or other determination complained of except upon leave to appeal granted by the reviewing court. This statutory provision is implemented by Supreme Court Rules 33 and 34 which prescribe the form and contents of the notice of appeal and designate the parties entitled to receive, and the time for serving, copies thereof.

Cross appeals are governed by Supreme Court Rule 35 which provides: "(1) Each appellee who desires to prosecute a cross appeal from all or any part of the judgment, decision, order or decree, and each coparty who did not join in the notice of appeal but who desires to join as appellant or to prosecute a separate appeal shall, within 10 days after service upon him of notice of appeal, serve a notice upon each party or attorney or firm of attorneys who signed the notice of appeal, and upon each appellee, person or officer entitled to receive notice of an appeal, and file a copy thereof in the trial court."

■ In addition to its inherent power to prescribe rules of procedure, the Supreme Court, by the provisions of Section 2 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 2), is invested with power to make rules of pleading, practice, and procedure for the courts. Such

rules, when established, have the force of law. Biggs v. Spader, 411 Ill 42, 103 NE2d 104.

Counsel have not cited, nor has this court found, any case which decides the precise issue here presented. Appellee cites Parish Bank & Trust Co. v. Uptown Sales & Service Co., Inc., 300 Ill App 73, 20 NE2d 634, but that case is not in point since it involves an attempt to cross appeal from a judgment on which no appeal was taken, and which the Appellate Court clearly states was not before it.

■ Appellee cites the case of American Dixie Shops, Inc. v. Springfield Lords, Inc., 8 Ill App2d 129, 130 NE2d 532; but that case is not controlling. The Appellate Court dismissed a purported cross appeal on the ground that under the provisions of section 78 of the Civil Practice Act an appeal did not lie from an order partially dissolving a temporary injunction. The court, at page 136, stated that the rules applicable to cross appeals are not authority for taking such cross appeals in cases where appeals are not authorized by law. In the next sentence of the opinion, it states that Rule 35 contemplates an appeal from the same judgment that appellants have appealed from, and cites as authority for the statement Parish Bank & Trust Co. v. Uptown Sales & Service Co., Inc., (supra). Since the case was decided on the ground that no appeal lay from the partial dissolution of the temporary injunction, the comment regarding Rule 35 was unnecessary to the decision of the case and therefore lacks binding force. Stow v. People of the State of Illinois, 25 Ill 81.

Plaintiff relies upon Heine v. Degen, 362 Ill 357, 199 NE 832, in which case several defendants appealed from a decree holding them liable as stockholders of a defunct bank, but absolving them of liability on 200 shares of bank stock held in the name of Fred E. Legris, Sr. The appellees, under the provisions of Supreme Court Rule 35, filed a notice of cross appeal from that portion

of the decree which exonerated appellants of liability on the 200 shares. One defendant, Pratt, did not join in the original notice of appeal. Appellants-cross-appellees contended that Pratt was not an appellant, that all the parties affected by the portion of the decree sought to be reversed were not before the court, and cross-appellants should have prosecuted a separate appeal. The court, in rejecting this contention, said, at page 380, "The fourth part of this rule requires service on each appellee and upon any other person or officer entitled by law to a notice of appeal where the notice of appearance shall indicate an intention to prosecute a cross-appeal or a separate appeal by a co-party. There seems to be no way provided for an appellee to appeal from a decree other than by cross-appeal, and none is needed. A co-party may bring a separate appeal if he has interests which conflict with those of the appellant, but no mention is made in this connection of such a separate appeal by the appellees. Under the rule, and by reason of the stipulation, the cross-appeal was properly brought, and the contention that Pratt is not before this court as a party to the cross-appeal is without merit." Whether the court would have so held in the absence of the stipulation is, unfortunately, not clearly apparent from the opinion.

The case of People ex rel. Southfield Co. v. Jarecki, 408 Ill 266, 96 NE2d 569, involved a judgment of the County Court of Cook County, entered on March 28, 1950, wherein the court sustained certain tax objections and overruled others. The collector filed notice of appeal from that part of the judgment which sustained the objections. Plaintiff filed no cross appeal but moved to vacate the judgment. The county judge refused to consider the motion to vacate on the ground that the county court had lost jurisdiction of the case upon perfection of the collector's appeal. Plaintiffs then filed notice of appeal from that portion of the judgment of March 28, 1950, which overruled certain of their objections, and

also gave notice of appeal from the order refusing to consider the motion to vacate. Plaintiffs presented to the county judge, for certification, the report of proceedings at the trial resulting in the judgment entered on March 28, 1950. The judge refused to certify the report of proceedings on the ground that he was without jurisdiction to consider or certify it, because plaintiffs should have perfected a cross appeal in compliance with the provisions of Supreme Court Rule 35. Plaintiffs sought a writ of mandamus in the Supreme Court. The Supreme Court held that in the absence of a provision in the Revenue Act, the provisions of the Civil Practice Act and the Supreme Court Rules pertinent thereto controlled, and at page 274 said: "The proceedings in the instant case in the trial court were single, and the tax judgment entered upon the various items arose out of a single proceeding. No reason appears why all items of that judgment cannot be fairly presented to this court for review in one case. Relators here contend that if they are required to present their contentions by cross appeal, then they are denied the right and duty to appeal within thirty days from the rendition of the judgment as prescribed for appeals from such judgments by section 237 of the Revenue Act; that Rule 35 requires that cross appeals be perfected within ten days after service of notice of appeal, and that therefore if the notice of appeal is served less than twenty days after the judgment is rendered, they are forced to perfect a cross appeal before expiration of thirty days and, conversely, if notice of appeal is served more than twenty days after the judgment, then they are granted more than thirty days for perfecting cross appeal. The same might be said of any proceeding under the Civil Practice Act. The appellee in any proceeding under the Civil Practice Act is governed by Rule 35 and the time limitations set upon perfection of cross appeal is made to depend on the date the main appeal is perfected. There is no merit

484

to this, since the requirement in regard to cross appeals works no injustice and does not prevent a fair and orderly hearing upon the issues presented by the parties."

■ We interpret People ex rel. Southfield v. Jarecki to require that an appellee seeking to appeal from any portion of the judgment appealed from is required to proceed by cross appeal as provided in Supreme Court Rule 35.

■ In Johnson v. Moon, 3 Ill2d 561, 121 NE2d 774, the Supreme Court said that in construing the Civil Practice Act "the several provisions of the statute should be construed together in the light of the general purpose and object of the act, so as to give effect to the main intent and purpose of the legislature as therein expressed." (p 566). If the legislative intent is to be given effect, rules promulgated by the Supreme Court under the authority expressly conferred by the Civil Practice Act, and in implementation thereof, must be considered and construed as an integral part of the Civil Practice Act.

The judicial interpretations of the Civil Practice Act, and the various amendments adopted since its original enactment, have tended toward providing procedures for litigation of causes in their entirety in one proceeding, rather than piecemeal. Toward that end, the Supreme Court in Johnson v. Moon (supra) held that it was the effect of the Practice Act to apply the rules formerly limited to equity cases to actions at law, and permitted a defendant to join additional parties by counterclaim; the 1955 amendment (§ 25) provided for third-party proceedings. This trend is consistent with the provisions of Section 4 (Ill Rev Stats 1963, c 110, § 4) that the Act shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties.

In the absence of a contrary expression by the legislature or the Supreme Court, it appears as desirable to

485

speedily and finally determine controversies at the appellate, as at the trial level.

In light of the foregoing cases and statutory provisions we construe Rule 35 to mean that if one party to a suit appeals from a portion of the judgment, any appellee may proceed in accordance with Rule 35 as to the appellant, or any other party to the cause. Even though the trial court entered separate judgments, and the appellant would not be adversely affected by the reversal or modification of the judgment entered in favor of a party designated in the notice of cross appeal as a cross-appellee, the judgment of the trial court is a single judgment for purposes of appeal. The advantages of considering the appeal in its entirety, in one proceeding, far outweigh any inconvenience suffered by the defendant in being joined as a cross-appellee within 10 days after the filing of the notice of appeal, rather than within 60 days after the judgment became final.

For the reasons herein set forth, the order dismissing the appeal as to the cross-appellee, Howard Campbell, Jr., is reversed. An order has been entered as of this date providing for the filing of briefs by the parties in the appeal perfected by virtue of the notice of appeal, and presently pending here.

Order reversed.

EBERSPACHER, P. J. and MORAN, J., concur.