THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VIRGIL MORGAN, Defendant-Appellant.

Fifth District   No. 75-312

Opinion filed November 10, 1976.—Rehearing denied January 10, 1977.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert M. Howerton, State's Attorney, of Marion (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant, Virgil Morgan, was found guilty of the offenses of burglary and arson at a jury trial. The defendant was sentenced to two consecutive terms of three years, four months to 20 years' imprisonment. Basically, the defendant was convicted on circumstantial evidence consisting of (1) an implied admission, and (2) a fingerprint on a piece of glass recovered at the scene of the crime. Defendant did not testify. His only defense consisted of the testimony of his mother, who stated that he had been home on the night of the fire in question.

On appeal the defendant attacks the trial court's admission of these two items of evidence. The defendant also attacks the sufficiency of the evidence to support the findings of guilty, the propriety of consecutive sentences, and finally whether the aggregate sentence of six years eight months to 40 years' imprisonment is excessive.

■■ The first contention raised by the State is that defendant waived his objections to the implied admission because he failed to specify the error in his post-trial motion. The motion for a new trial fails to focus specifically on the error of admitting the testimony regarding the implied

admission. Counsel for the defendant did raise a hearsay objection. However, the thrust of the argument in the motion to exclude the testimony seems to be over prior inconsistent statements, there being virtually no discussion of the hearsay issue at that time.

Generally, the failure to raise an issue in a written motion for a new trial constitutes a waiver of that issue and cannot be urged as a ground for reversal on appeal. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856.) The State also cites *People v. Smalley*, 10 Ill. App. 3d 416, 294 N.E.2d 305, which involved the refusal of certain jury instructions, wherein the court stated:

> "Furthermore, to preserve this issue for appeal, defendant should have specifically informed the trial court of its mistake * * *. The court would then have had an opportunity to rectify its oversight. Defendant's general contention in the motion for a new trial that the court erred in giving and refusing instructions was not sufficient to inform the court of its error. A defendant cannot assign error to that which he *acquiesced in* and gave the court no opportunity to correct." (Emphasis added.) 10 Ill. App. 3d 416, 426, 294 N.E.2d 305, 312.

Hence, the object of the waiver rule, as set forth in *Smalley*, is to (1) inform the trial court of a possible mistake and give the court the opportunity to correct that mistake and (2) not allow defendant to object to that which he has acquiesced in throughout the course of the trial. With these considerations in mind, an examination of the record indicates that defendant did not waive this issue and it was properly preserved for the consideration of this court on appeal.

Defendant objected to the testimony in question as early as the opening statement. Defendant raised the hearsay objection in the motion to exclude testimony of Linda Harrison. When the motion was denied defendant raised a continuing objection to any and all questions of the witness. The defendant also objected to People's Instruction number 7 regarding the admission.

It is quite obvious from the above that the trial court was well informed of defendant's objection to the testimony of Linda Harrison. The court had ample opportunity to consider the objection a number of different times throughout the course of the trial. Also, it is apparent by the number of times defendant objected to this testimony that he never acquiesced in the court's acceptance of the testimony. Hence, the considerations for finding a waiver stated in *Smalley* simply are not present in this case.

The question of waiver in this case is a close one, but for several reasons waiver should not be applied in this case. First of all, the issue was raised by motion and objection in the trial court. Secondly, the issue centers around testimony which was very prejudicial to defendant if his claim is

well founded. The second consideration should apply with more force where, as in a case like this, there is very little other, independent evidence put before the jury.

The next issue concerns the admissibility of the testimony of Linda Harrison which was as follows:

> "The State: Now did you have occasion to have a conversation with him [the defendant] on November the 29th, 1974?
>
> Linda Harrison: Yes, I did.
>
> Q. Who was present?
>
> A. His brother Jim, Virgil and me.
>
> Q. Alright, what if anything did you say to him in this conversation?
>
> A. I asked him what his purpose was in setting the Cleaners afire.
>
> Q. * * * You had testified you asked Virgil, there in that conversation why he set fire to Monroe's Cleaners. What, if anything was said then?
>
> A. When I asked him?
>
> Q. Yes.
>
> A. He said, 'How do you know I did it?'
>
> Q. And what, if anything was then said?
>
> A. I told him that his brother had told me, Jim, so he looked at Jim. . .
>
> Q. Just a minute. Are you saying Jim was present at that conversation?
>
> A. That's right.
>
> Q. Then what occurred?
>
> A. I told him Jim had told me. Well, he looked at Jim and Jim told him he might as well own up to it because I knew it.
>
> Q. Then what if anything happened after Jim told him he might as well own up to it.
>
> A. Virgil just sort of laughed and shrugged it off."

The defendant's objections to these remarks were overruled.

■█ It is an established principle of law that when a statement is made in the presence and hearing of an accused, incriminating in character, and such a statement is not denied, contradicted or objected to by him, both the statement and the fact of his failure to deny are admissible in a criminal trial, as evidence of his acquiescence in its truth. The rationale supporting this rule is stated in Annot., 115 A.L.R. 1510, 1511 (1938):

> "It seems that the rule as evolved from many decisions is based upon the proper formulation of the implications deducible from the old maxim, 'qui tacet non utique fatetur, sed tamen verum est eum non negare' ('he who is silent does not indeed confess, but yet it is true that he does not deny')."

Although the defendant was not silent in the face of this accusation, his response cannot reasonably be construed as an unequivocal denial of the charge that he was responsible for the fire. "Since it is the failure to deny that is significant; an equivocal or evasive response may similarly be used against him." (McCormick, Evidence §270, at 651-53 (2d ed. 1972).) The problem of the evasive answer (as opposed to silence) is considered in 3 Warton's Criminal Evidence §701, at 505 (13th ed. 1973):

> "An evasive or unresponsive reply to an incriminating or accusatory statement is tantamount to silence, in which case the statement and the reply are admissible as an admission of the statement's truth."

The case of *People v. Wright*, 65 Ill. App. 2d 23, 212 N.E.2d 126, follows this doctrine. In the *Wright* case, while in custody and in reply to the victim's identification of defendant as the person who robbed him, defendant replied, "Why don't you tell him like it is, man." This was held to be nonacquiescence but the court considered the problem of an evasive answer at page 32, stating:

> "An evasive answer, or one unresponsive to the declaration, can be tantamount to absolute silence, and when not amounting to a denial, renders admissible both the statement and the reply under the rule as to tacit admissions." 65 Ill. App. 2d 23, 32, 212 N.E.2d 126, 130.

Certain responses have constituted denials of the accusation which takes the response out of the tacit admission category. In *People v. Nitti*, 312 Ill. 73, 143 N.E. 448, a deputy sheriff and an accomplice showed one of the defendants a patch of ground and the accomplice indicated that that was where the defendant had fallen while carrying the body of his murder victim; to this the defendant replied, "bullshit." The supreme court said that this reply did not indicate acquiescence on the part of the accused. In *People v. LaCoco*, 406 Ill. 303, 94 N.E.2d 178, while in custody, defendant was read a statement of a codefendant which incriminated defendant, defendant's reply of "You are crazy" was held to indicate non-acquiescence. See also *People v. Wright*.

These cases make the point that where defendant does not specifically deny, but rather makes a strong showing of nonacquiescence in the statement, the statement should be excluded. As was stated in *People v. Sarney*, 351 Ill. 428, 184 N.E. 612:

> "Such statement will never be admissible where the accused unequivocally denies the truth of the statement or where he shows clearly that he does not acquiesce in it. (*People v. Nitti*, * * *.) It is not necessary to deny the statement in the language in which it is made or in detail. A general denial of the whole statement is sufficient. Unless the words or conduct of the accused under the

circumstances are such that it is a natural and reasonable inference that he admitted the truth of the charge such statement is inadmissible. (*People v. Harrison*, 261 Ill. 517.)" 351 Ill. 428, 432.

With these standards in mind an examination of the defendant's response to Linda Harrison's accusation does not show a denial or a clear showing of nonacquiescence on the part of Virgil Morgan. The initial response to Harrison's remark was "How do you know I did it?" When Harrison indicated that the defendant's brother had told her and his brother said that "he might as well own up to it," the defendant, "just laughed and shrugged it off."

Defendant argues that the circumstances were not such that the ordinary person thus situated would naturally deny the accusations made against him. Defendant states that had he been in custody or under arrest there would have been greater compulsion to deny the accusation. Defendant states that, "One would necessarily feel more compelled to deny the accusations in such a situation because of the serious consequences attending acquiescence." Defendant's assertion flies directly into the face of the great weight of authority. The fact that defendant is in custody, under arrest or in the presence of law enforcement officials is seen as a justification for remaining silent where one is accused of something. As stated in *People v. Bennett*, 413 Ill. 601, 609, 110 N.E.2d 175, 178, "* * * [when] surrounded * * * by officers of law * * *, it does not seem that under such condition an admission may be implied from [defendant's] silence * * *."

The defendant was not under arrest, in custody or the subject of investigation; nor was Linda Harrison in any way connected with law enforcement officials. This is simply a situation of a remark by an acquaintance in the privacy of defendant's own dwelling. There is absolutely no showing that defendant was restrained in any way from denying the accusation either by reason of fear, doubt of rights, instruction by an attorney, or a reasonable belief that it would be better or safer for him if he kept silent. (*People v. Hodson*, 406 Ill. 328, 94 N.E.2d 116; *People v. Bennett*, 3 Ill. 2d 357, 121 N.E.2d 595.) Defendant has failed to show why the ordinary person similarly situated would not have denied the accusation against him. As stated in *People v. Kozlowski*, 368 Ill. 124, 127, 13 N.E.2d 174, 177, "If the circumstances do allow the accused to speak and if they show that the ordinary person thus situated would naturally deny the accusations made against him, his silence and the accusatory statement may be received in evidence, for silence under such circumstances amounts to an admission against interest." Defendant has failed to give one reason to negate the inference that he should have spoken.

■■ This question and defendant's reply meet all the established criteria for an admission. Under the circumstances in this case the

defendant was under no restraint, his failure to deny the accusation has not been justified and the response of the defendant affords a permissible inference of guilt. The defendant had every opportunity to deny or object to the accusation and it seems very probable that the ordinary person similarly situated would not have let this accusation go unchallenged.

The defendant also challenges the admission of the fingerprint evidence on the grounds that the State failed to establish the proper chain of custody before this evidence was admitted. This objection, however, was not raised at trial. In response to a direct question from the court defense counsel stated that he had no objection to the introduction into evidence of People's Exhibits 5 through 9. Defense counsel had made no objection to the actual testimony of the criminalist.

"An objection to the failure to establish the chain of possession must be made at trial or it is waived on appeal." *People v. Pruitt*, 16 Ill. App. 3d 930, 941, 307 N.E.2d 142.

The Supreme Court of Illinois has addressed itself to this problem in the case of *People v. Polk*, 19 Ill. 2d 310, 167 N.E.2d 185. This case involved a prosecution for the sale of heroin to an undercover officer. The officer testified that an envelope containing white powder was given to him by defendant. After he received it from defendant he initialed it; inventoried it at the detective bureau; and delivered it to the crime lab for analysis. He identified the exhibit by his initials. On appeal defendant attacked the admission of the evidence on the grounds that the chain of custody had not been properly established. The court concluded:

> "* * * no objection was made at the trial to the admission of the envelope or to the testimony as to its contents. Consequently, its admission as an exhibit cannot now be questioned." 19 Ill. 2d 310, 314, 167 N.E.2d 185, 187.

■■ By not objecting to the failure to establish a chain of custody at trial, defendant waived the issue on appeal. Defendant did not raise this issue in his motion for a new trial or his argument thereon. Since the defendant is raising this issue for the first time on appeal, its consideration by this court is thereby precluded.

To support a conviction based on circumstantial evidence it is essential that the facts proved not only be consistent with the defendant's guilt, but that they must be inconsistent with any reasonable hypothesis of innocence. (*People v. Lewellen*, 43 Ill. 2d 74, 250 N.E.2d 657.) But the defendant's guilt need not be proved beyond any possibility of a doubt even when the State relies entirely upon circumstantial evidence. The Supreme Court stated in *People v. Marino*, 44 Ill. 2d 562, 256 N.E.2d 770:

> " '[A] conviction may be sustained upon circumstantial evidence, [citation] it being necessary only that the proof of circumstances must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral

certainty that the accused and no one else committed the crime.' * * *" 44 Ill. 2d 562, 580, 256 N.E.2d 770, 780.

While a conviction based solely upon circumstantial evidence cannot stand if the proof supports any reasonable theory of defendant's innocence, the jury is not required to search for a series of possible explanations compatible with innocence to elevate them to the status of reasonable doubt. *People v. Huff*, 29 Ill. 2d 315, 194 N.E.2d 230.

Obviously, the jury did not believe defendant's alibi witness, nor were they obligated to, especially where there is such a possibility of bias when, as here, the witness is defendant's mother. (*People v. Taylor*, 8 Ill. App. 3d 727, 290 N.E.2d 342.) In the exercise of their function to weigh the evidence and determine the credibility of witnesses, they apparently did believe Linda Harrison.

The defendant cites *People v. Trapps*, 22 Ill. App. 3d 1029, 318 N.E.2d 108, and *People v. Everhart*, 22 Ill. App. 3d 727, 317 N.E.2d 720, for the proposition that where acts or circumstances suggest either innocent or criminal conduct, the innocent hypothesis will be favored. In both of these cases the defendants testified and offered reasonable hypothesis fully consistent with the facts established by the State in its case-in-chief.

Neither defendant nor any other witness has attempted to explain the response to Linda Harrison's accusation. No one has put forth a plausible alternative theory as to how defendant's fingerprint came to rest on that particular piece of glass. Although the State must rely on the reliability of its own evidence and not the unreliability of defendant's (*People v. Holsapple*, 30 Ill. App. 3d 976, 333 N.E.2d 683), this rule does not contemplate that the trier of the facts is required to search out a series of potential explanations compatible with innocence and elevate them to the status of reasonable doubt. *People v. Goodwin*, 24 Ill. App. 3d 1090, 322 N.E.2d 569.

■■ In this case there has been no attempt to suggest that the circumstances or acts lend themselves to some innocent hypothesis. It is the jury's province to draw inferences from the evidence and to determine the credibility of the witnesses and the weight to be given to their testimony. There was no reasonable alternative explanation of the evidence given to the jury to raise a well founded doubt of guilt. The verdict was supported by the evidence.

In determining whether or not consecutive sentences are warranted in this situation we must examine the pertinent statutes. Section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(a)) provides:

"The court shall not impose consecutive sentences for offenses which were committed as a part of a single course of conduct during which there was no substantial change in the nature of the criminal objective."

Evidently, the trial judge determined that defendant's objective changed, for he made this comment in sentencing defendant to consecutive terms:

> "You went in there to steal, became mad and you decided to burn it. So considering section 1005.84 (sic) the court finds that there was a substantial change in the nature of the criminal objective and therefore that a consecutive sentence should be granted. * * *"

There is nothing in the record upon which to base such a finding. It is possible that the defendant entered the cleaners that night with the intent to commit a theft *and* burn the building. This possibility, however, is not evidenced in the record anymore than is the suggestion by the State that a change in the defendant's intent and objective took place once he failed to open the safe.

The State relies on *People v. Williams*, 60 Ill. 2d 1, 322 N.E.2d 819, as a justification for consecutive terms. This case can however be distinguished. It is fairly clear that the defendant in *Williams*, did not enter the building with the intent to murder. If his intent was to commit murder, why not shoot the owner as soon as he gained entry to the house? Why not kill the wife? Its fairly clear that exigent circumstances brought about the murder, namely, being confronted by the owner with a gun. Hence, we have a fairly obvious change in objective which warrants the consecutive terms.

■■ There is absolutely nothing comparable in the case before the court with the *Williams* situation. It is plausible that burning the building was part of defendant's whole scheme. The record fails to disclose sufficient facts upon which to base an inference one way or the other. The judge must limit himself to the evidence adduced of record when imposing sentence. *People v. Nelson*, 58 Ill. 2d 61, 317 N.E.2d 31; *People v. Wallenberg*, 24 Ill. 2d 350, 181 N.E.2d 143; *People v. Grant*, 18 Ill. App. 3d 61, 309 N.E.2d 265; *People v. Hummert*, 132 Ill. App. 2d 340, 270 N.E.2d 496.

■■ An objective reading of the record fails to reveal anything to support the trial judge's finding "that there was a substantial change in the nature of the criminal objective." Therefore, there is no basis for the court's decision to impose consecutive sentences.

The judgment of the Circuit Court of Williamson County is affirmed, but the sentences here imposed for burglary and arson are modified to concurrent sentences.

Judgment affirmed as modified.

KARNS, P. J., and EBERSPACHER, J., concur.