THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARNEY HAMMOND, Defendant-Appellant.

Fifth District   No. 75-168

Opinion filed May 10, 1977.

G. MORAN, J., dissenting.

Terry H. Gamber, of Mt. Vernon, for appellant.

Terrence J. Hopkins, State's Attorney, of Benton (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Carney Hammond, defendant-appellant, seeks review of a judgment of conviction of burglary that was returned against him in a jury trial in Franklin County on January 21, 1975. Hammond was sentenced to the Illinois Department of Corrections for a term of from three to nine years imprisonment on February 13, 1975.

The incident on which the conviction was based occurred on October 1, 1974, in West Frankfort, Illinois. Late that evening defendant was apprehended and arrested inside a music store. A door leading into the store had been broken into and blood was found on it as well as on the ground. The defendant had a cut on his hand at the time of the arrest and the cut was bleeding.

At trial defendant sought to invoke the defense of intoxication, and indeed, much of the evidence he introduced went to this state of mind during the incident. At the close of the evidence Hammond offered instructions on criminal damage to property, but the court refused to give them because criminal damage to property is not a lesser included offense of burglary. The jury returned a verdict of guilty on the charge of burglary.

The issues presented for review are the propriety of the court's refusal to instruct the jury on the offense of criminal damage to property, and the correctness of the jury's determination that the intoxication defense was not valid.

The State argues in its brief that Hammond has waived his contentions of error by his failure to file any post-trial motion, as provided in section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 116—1). This section reads as follows:

"§ 116—1. Motion for New Trial

\* \* \*

(b) A written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict. Reasonable notice of the motion shall be served upon the State.

(c) The motion for a new trial shall specify the grounds therefor."

It has been well established that the failure to raise an issue in a written post-trial motion constitutes generally a waiver of that issue. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Hairston*, 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied*, 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658; *People v. Irwin*, 32 Ill. 2d 441, 207 N.E.2d 760.) The reasons for the waiver rule are two-fold: to inform a trial court of a possible

mistake so as to give it an opportunity to correct the mistake, and to not allow a defendant to object to that which he has acquiesced in. (See *People v. Morgan* (5th Dist. 1976), 44 Ill. App. 3d 459, 358 N.E.2d 280, leave to appeal pending.) It thus appears that the policy behind the waiver rule is broader than merely the situation where a defendant fails to include an issue in his written post-trial motion. A defendant who failed to file any post-trial motion also fails to inform the trial court of an alleged error so as to give it the opportunity to correct the error and such a failure may also have been, in fact, an acquiescence in the error alleged.

In stating the purpose behind the waiver rule, the court in *Irwin* stated that requiring a defendant to specify the errors entitling him to a new trial:

> "* * * may save the delay and expense inherent in an appeal in those instances where the motion is meritorious. Additionally, it focuses the attention of the trial judge upon those aspects of the proceedings of which the defendant complains, and gives to the reviewing court the benefit of the judgment and observations of the trial court with reference thereto. In short, we believe this waiver rule a salutary one serving a legitimate State interest in that it tends to eliminate unnecessary reviews and reversals." 32 Ill. 2d 441, 443-44.

In *People v. Flynn*, 8 Ill. 2d 116, 133 N.E.2d 257, and *People v. Prohaska*, 8 Ill. 2d 579, 134 N.E.2d 799, the defendants made oral motions for a new trial and for arrest of judgment. The supreme court in both cases determined that in submitting verbal motions without stating in writing the grounds therefor and without objection being made the requirements of such written motions are waived. However, the precise problem presented in this case has never been ruled upon by a reviewing court in this State.

■■ For the above reasons, the failure of the defendant to file any post-trial motion in his case, written or oral, is deemed to be a waiver of the errors raised on appeal. Since there is nothing properly before this court to consider, the appeal must be dismissed.

Appeal dismissed.

EBERSPACHER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, J., dissenting:

The majority relies on the established rule of waiver in the filing of post-trial motions. Basically the rule states that failure to include an alleged error in a written post-trial motion results in a waiver of that issue for purposes of appeal. An alleged error so waived will not be considered by

the appellate court on appeal. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856.) As noted by the majority, the source of the requirement of a written post-trial motion specifying the alleged errors warranting a new trial is section 116-1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 116—1). The whole of section 116—1 reads as follows:

"§116—1. Motion for New Trial.

(a) Following a verdict or finding of guilty the court may grant the defendant a new trial.

(b) A written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict. Reasonable notice of the motion shall be served upon the State.

(c) The motion for a new trial shall specify the grounds therefor."

There is no reference either to the waiver rule or to appeals in the express terms of the statutory provision. Yet, as applied, the failure to include a specific issue as grounds for a new trial in a written post-trial motion can result in a waiver of that issue as a basis for an appeal. The rationale for the requirement is two-fold. First, the specific written motion is to give the trial judge a chance to correct any errors without having to resort to appeal. Second, the motion requirement is meant to give the reviewing court the benefit of the trial judge's reasoning should he rule unfavorably to the defendant. *People v. Irwin*, 32 Ill. 2d 441, 443, 207 N.E.2d 76.

Although it is not clear from the language in the cases, apparently a complete failure to file any post-trial motion will result in a waiver of all alleged errors whether or not there was a timely objection made during the trial. Such are the facts of the instant case. Therefore, failure to comply with the legislative provision requiring a written post-trial motion results in the loss by the appellant of his right to an effective appeal, unless he is able to bring his grounds for review within the more limited framework of plain error or fundamental fairness. The statute clearly has a substantial effect on the defendant's right to appeal.

After a consideration of the applicable constitutional provisions, Supreme Court Rules and case law, I must respectfully urge that section 116—1 is unconstitutional as a substantive legislative restriction on the constitutional right to appeal.

Before considering the substantive constitutional issues, it is important to note that the requirement of a written motion for a new trial is not absolute. It is now well established that a general oral motion for a new trial, if not objected to by the State, will preserve for appeal all errors which appear properly preserved on the record. (*People v. Whitehead*, 35 Ill. 2d 501, 221 N.E.2d 256; *People v. McCabe*, 49 Ill. 2d 338, 275 N.E.2d

407.) The key elements to a proper perspective of this exception to the requirement of a written motion are, first, that the oral motion may be a general nonspecific motion, and second, that the oral motion will suffice unless an objection is made by the State.

The rationale generally given for the requirement of a written post-trial motion loses some of its strength in the face of the court-created exception allowing the oral motion to preserve all errors properly in the record. If the goal of the statutory requirement is to insure specificity by allowing the trial court to focus on alleged errors, how is that purpose in any way served by a nonspecific oral motion? Furthermore, why is the lack of an objection by the State determinative in the waiver of a requirement supposedly designed to aid the trial and appellate courts? Either the proferred rationale is less important than proposed or the State is an unmentioned beneficiary of this motion requirement. The inconsistency in the application of the requirement should be resolved in favor of eliminating altogether the legislative requirement of a written motion.

The power of the Supreme Court to make rules governing appeals in the State courts is expressed in several of the provisions of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI). Section 4(b) of article VI gives the Supreme Court the power to provide by rule for direct appeal to that court. Section 4(c) of article VI empowers the court to provide by rule for appeals from the appellate court in cases other than those specifically enumerated in the other clauses of section 4(c). In section 6 of article VI, it is provided that appeals from final judgments in the circuit courts to the appellate courts are a matter of right. Section 6 further provides that the Supreme Court may provide by rule for appeals to the appellate court from other than final judgments of the circuit courts. In the broadest acknowledgment of Supreme Court rule-making power, section 16 of article VI provides that general administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. More important, section 16 states that "[t]he Supreme Court shall provide by rule for expeditious and inexpensive appeals." Ill. Const. 1970, art. VI, §16.

Clearly the grant of rule-making power to the Supreme Court is extremely broad. Just as clearly, "* * * the constitution has placed responsibility for rules governing appeal in the Supreme Court, and *not* in the General Assembly." (Emphasis added.) *People ex rel. Stamos v. Jones*, 40 Ill. 2d 62, 66, 237 N.E.2d 495.

The courts of Illinois have repeatedly acknowledged the rule-making power of the Supreme Court, as recognized in the constitution, and conjunctively have invalidated legislative attempts at infringements of

this inherently judicial function.[1] A leading case in this area is *People ex rel. Stamos v. Jones*, 40 Ill. 2d 62, 237 N.E.2d 495. In relying on a constitutional provision essentially the same as section 16 of article VI of the 1970 Illinois Constitution,[2] the Supreme Court struck down a statute governing admission to bail when it found that statute to be in conflict with a Supreme Court Rule on the same subject.[3] After referring to a provision of article VI of the 1870 Illinois Constitution authorizing legislative revision of court rules with respect to direct appeals from the circuit courts to the Supreme Court, the court in *Stamos* stated: "There is no comparable qualification with respect to the obligation of this court 'to provide by rule for expeditious and inexpensive appeals.' " (40 Ill. 2d 62, 66.) Furthermore, the restrictive provision of article VI, section 5 of the 1870 Illinois Constitution was omitted from the provisions of article VI of the 1970 Constitution, leaving the Supreme Court's power in the rule-making area subject only to constitutional limitations. See also *People v. Kennedy*, 43 Ill. 2d 200, 251 N.E.2d 209, where the court held that in proceedings under the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1967, ch. 38, par. 105—1.01 *et seq.*), the Supreme Court Rules governing appeals displace the provisions for appeal under the Civil Practice Act, despite a provision of the Sexually Dangerous Persons Act specifically calling for the application of the appellate rules of the Civil Practice Act.

In *People v. Taylor*, 50 Ill. 2d 136, 277 N.E.2d 878, the court found the statutory provisions of sections 109—3 and 114—2(b) of the Code of Criminal Procedure to be in conflict with the constitutional directive that the Supreme Court shall make the rules governing appeals to the appellate court from other than final judgments of the circuit court. The court also found that Rule 604, adopted by the Supreme Court under that constitutional mandate, superseded the legislative provisions in the same area.[4]

---

[1] " * * * [T]he * * * rule-making power * * * is inherently judicial in its nature and is not power delegated to courts by the legislature." *People ex rel. Bernat v. Bicek*, 405 Ill. 510, 521, 522, 91 N.E.2d 588.

[2] Section 7 of article VI of the Illinois Constitution of 1870 provides in part: "The Supreme Court shall provide by rule for expeditious and inexpensive appeals." Section 16 of article VI of the Illinois Constitution of 1970 contains the same language.

[3] The court found Rule 609(b) to be in conflict with section 121—6(b) of the Code of Criminal Procedure. Rule 609(b) provided that upon appeal the defendant may be admitted to bail and the sentence " * * * stayed by a judge of the trial or reviewing court." (Ill. Rev. Stat. 1967, ch. 110A, par. 609(b).) Section 121—6(b) of the Code of Criminal Procedure provided in part: "If an appeal is taken from a judgment or order on an offense defined as a 'forcible felony' the defendant shall not be entitled to a continuation of his bail and the sentence of imprisonment shall not be stayed by the trial court." Ill. Rev. Stat. 1967, ch. 38, par. 121—6(b).

[4] The court in *Taylor* dealt with the same provision of section 5 of article VI of the 1870 Constitution that was considered in *People ex rel. Stamos v. Jones*. The *Taylor* court held: "Only in Section 5 [of article VI of the Constitution of Illinois, 1870, as amended] does the constitution grant the general assembly any right to participate in the rule-making procedure." (50 Ill. 2d 136, 139, 140.) The use of "participate" clearly suggests that absent such a grant by the constitution, the legislature has no power in this area.

In *Agran v. Checker Taxi Co.*, 412 Ill. 145, 148-49, 105 N.E.2d 713, the court again referred to the limitations on the legislative power in the areas properly reserved for judicial control:

> "Section I of article VI of the constitution [of 1870] vests the judicial power in the courts provided in or permitted to be created by the constitution. While the constitution does not define what constitutes judicial power, it is an exclusive and exhaustive grant vesting all such power in the courts. (*People v. Bruner*, 343 Ill. 146; *People v. Callopy*, 358 Ill. 11.) If the power is judicial in its nature, it necessarily follows that the legislature is expressly prohibited from exercising it." (412 Ill. 145, 148-49.)

As noted earlier, the rule-making power of the court is inherently judicial in its nature. (*People ex rel. Bernat v. Bicek*, 405 Ill. 510, 91 N.E.2d 588; *Robbins v. Campbell*, 65 Ill. App. 2d 478, 481, 213 N.E.2d 641.) By *Agran*, the legislature is expressly limited by constitution in the area of rule-making.

The message of such decisions is clear. Unless the constitution itself provides for legislative limitations on the rule-making power of the Supreme Court, that power is unqualified. As noted, the Constitution of 1970 contains no such provisions for legislative limitation of the rule-making power of the court with respect to appeals. Instead, the constitutional expression of this rule-making power of the court necessarily precludes the legislature from passing laws which interfere with or infringe upon that power.

As noted above, section 6 of article VI of the Illinois Constitution of 1970 provides for appeals to the appellate court from final judgments of the circuit courts as a matter of right. The Supreme Court has in past cases struck down as invalid legislative provisions found to be improper limitations on the constitutional right to appeal, which is to be regulated only by the rules promulgated by the court. In *Hamilton Corp. v. Alexander*, 53 Ill. 2d 175, 290 N.E.2d 589, the court held the statutory requirement of the filing of an appeal bond within five days under the provisions of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1969, ch. 57, par. 19 and 20) to be an invalid legislative limitation on the right to appeal. The court was clear as to the basis of the right to appeal and the lack of legislative control over it: "[T]he basis for the right of appellate review in Illinois has been found in the constitution and not in the statutes. * * * [T]he legislature may not impose substantive conditions which qualify or restrict the right to appeal conferred by the constitution." 53 Ill. 2d 175, 178.

The failure to file a written post-trial motion will generally result in a waiver of alleged errors which could have been a basis for appeal. Clearly the effect of such a legislative provision has a substantive effect of the right to appeal, an effect prohibited by the court in *Hamilton Corp. v.*

*Alexander*, 53 Ill. 2d 175, 290 N.E.2d 589. See also *George v. George*, 250 Ill. 251, 95 N.E. 167.

The import of all these cases is that the legislature, in requiring a written post-trial motion under section 116—1 with the waiver rule as a sanction for noncompliance, has exceeded its constitutional powers and infringed upon those of the courts, and has improperly restricted the constitutional right of appellate review.

It could be argued that the legislative provisions relating to appeals are invalid only when the Supreme Court has adopted rules in conflict with those laws. Clearly the Supreme Court has adopted, with respect to appellate review, rules the import of which is in conflict with the statutory requirement of section 116—1 of the Code of Criminal Procedure.

Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par 604(d)) provides in part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. * * * Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived."

This rule specifically requires a written post-trial motion and provides for waiver of those issues not preserved in that written motion. But Rule 604(d) deals only with judgments entered upon a plea of guilty. Though it does not control the instant case, the rule is important as a demonstration that when the court rules require a written motion, it is clearly stated.

Conversely, Supreme Court Rule 605(a), governing judgment and sentencing after a plea of not guilty, makes no mention of a required, written post-trial motion or of a waiver of errors not included in such a motion. Rule 605(a) provides in part:

> "In all cases in which the defendant is found guilty and sentenced * * * , the trial court shall, at the time of imposing sentence or modifying the conditions of the sentence, advise the defendant of his right to appeal * * *. The trial court shall also advise him that his right to appeal will be preserved only if a notice of appeal is filed in the trial court within 30 days from the date of the sentence."

Again it must be noted that there is no mention of a required written post-trial motion of any sort. Under the statutory requirement of section 116—1, the failure to file a motion in writing severely affects the right to appeal. Under Rule 605(a) the only condition for appeal of which the trial court is to inform the defendants is the filing of a notice within 30 days.

Considering the express requirement of a written post-trial motion in Rule 604(d), the absence of such a requirement in the warning of Rule 605(a) must be due to something more than inadvertence. The absence in Rule 605(a) of such a requirement suggests that under the Supreme Court rules there is no such requirement of a written post-trial motion upon a plea of not guilty. A legislative requirement of a written post-trial motion would therefore be in conflict with the court rules, and is superseded by them.

Furthermore, the final sentence of Supreme Court Rule 605(a) provides that the trial court must inform the defendant that he has 30 days from sentencing to file an appeal. Under section 116—1, the defendant has 30 days to file his written post-trial motion. If such a written motion were required, or even adopted, under Rule 605(a), the trial court would be misinforming the defendant as to his timetable for appeal. Actually the defendant would have 30 days to file his post-trial motion and then another 30 days after the ruling on the motion to file notice of appeal. Were this written post-trial motion a requirement adopted by the Supreme Court Rules, surely its effect on filing would be incorporated into the notice provision of Rule 605(a).

The failure of the Supreme Court Rules to require a written post-trial motion after judgment on a plea of not guilty is further emphasized by the language of Supreme Court Rule 606(b), which provides that notice of appeal shall be filed within 30 days from the entry of the order of judgment from which the appeal is taken, or within 30 days after the denial of the post-trial motion "if the appellant * * * files a motion for a new trial * * *." (Ill. Rev. Stat. 1975, ch. 110A, par. 606(b).) If the Supreme Court rules generally required a written post-trial motion to preserve alleged errors for appeal, the conditional clause of Rule 606(b) would be superfluous. The value of an appeal is lost if alleged errors are waived. Yet the rule gives a choice; by implication it suggests that the filing of a post-trial motion is optional. To construe the rule otherwise is to suggest that Rule 606(b) promotes the filing of a notice of appeal despite the waiver of all alleged errors. If a written post-trial motion were recognized by the rules, then Rule 606(b) would be suggesting an option that did not really exist, for all notices of appeal would simply have to be filed within 30 days after the denial of the required motion. Rule 606(b) clearly intimates that the filing of a written post-trial motion is not a general requirement under the Supreme Court Rules.

It follows from a consideration of Rules 604(d), 605(a), and 606(b) that the rules promulgated by the Supreme Court pursuant to its constitutional power to provide by rule for appeals do not require a written post-trial motion to preserve issues for appeal. For the legislature to impose such a requirement on its own is an unconstitutional infringement of the judicial

powers enumerated in the constitution. The legislative provision is therefore invalid due to conflict with the Supreme Court Rules.[5]

For the foregoing reasons, I would find section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 116—1) unconstitutional. I therefore would not apply the waiver rule in this case and would consider all errors properly preserved in the record and raised in appellant's brief.

---

[5] That the requirement of a written post-trial motion and the waiver rule are matters of long standing is not to be considered in evaluating the constitutionality of their source. In *People ex rel. Isaacs v. Johnson,* 26 Ill. 2d 268, 272, 186 N.E.2d 346, while discussing the contention that provisions establishing separation of powers had been violated, the court noted that findings of unconstitutionality have been made without regard for the longstanding nature of the invalidated practice: "The practice of masters in chancery issuing injunctions under a statute unchallenged for more than 75 years was struck down in *Bottom v. City of Edwardsville,* 308 Ill. 68 ° ° °."